**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

ELIZABETH RUTH DABNEY, )
                )
         Plaintiff, )
                )
v.                    )         No. 13-2521-STA-dkv
                )
UNITED STATES POSTAL SERVICE, )
                )
         Defendants. )

---

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is the United States Magistrate Judge's Report and Recommendation for *Sua Sponte* Dismissal (D.E. # 6) filed on July 19, 2013. The Magistrate Judge has screened Plaintiff's Pro Se Complaint and recommended that it be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2). Plaintiff brings claims against the United States Postal Service alleging that Defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964. Plaintiff also seeks review of the Merit System Protection Board ("MSPB")'s ruling that it lacked jurisdiction over Plaintiff's appeal of her dismissal.

The Magistrate Judge has recommended that the Court dismiss Plaintiff's Complaint for failure to state her Title VII claim and for lack of subject matter jurisdiction over Plaintiff's appeal from the MSPB. With respect to Plaintiff's Title VII claim, the Magistrate Judge found that Plaintiff had not attached a copy of her EEOC charge of discrimination, though Plaintiff does refer to her charge in her pleadings. Without the charge document itself, the Magistrate Judge noted that the

1

court could not determine whether Plaintiff's Title VII claim was properly exhausted. More importantly, the Complaint only alleges that Plaintiff was terminated "due to a faulty vehicle jumping out of gear causing an accident." Compl. ¶ 10. The Magistrate Judge found that the Complaint did not allege that Plaintiff was a member of a protected class, that Plaintiff was qualified for her position, or that similarly situated, non-protected employees received more favorable treatment. The Magistrate Judge concluded then that the Complaint failed to state a Title VII claim because it lacked factual support for these essential elements of the claim. As for Plaintiff's appeal of the MSPB's decision, the Magistrate Judge reasoned that only the Federal Circuit had jurisdiction to hear the appeal. As such, this Court lacks subject matter jurisdiction over this claim. Therefore, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2).

Under Rule 72(b)(2) and 28 U.S.C. § 636(b)(1)(C), objections to the Magistrate Judge's Report and Recommendation were due within fourteen (14) days of service of the Report, making the objections due no later than August 5, 2013.[1] Plaintiff has not filed objections within the time permitted. The Court need not review, under a *de novo* or any other standard, those aspects of the Report and Recommendation to which no specific objection is made and may simply adopt the findings and rulings of the Magistrate Judge.[2] Having reviewed the pleadings and the Magistrate Judge's Report and Recommendation, the Court hereby **ADOPTS** the Magistrate Judge's Recommendation that Plaintiff's Pro Se Complaint be dismissed, though not for all of the same

---

[1] Plaintiff receives the benefit of three additional days under Rule 6(d) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(d).

[2] *Thomas v. Arn,* 474 U.S. 140, 150–51 (1985).

2

reasons given by the Magistrate Judge.

The Magistrate Judge recommended the dismissal of Plaintiff's race discrimination claim for failure to state a claim because Plaintiff did not allege all of the essential elements of the claim. Rep. & Recommendation 10 (citing *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010)). However, the Supreme Court has held that a plaintiff need not allege specific facts establishing a *prima facie* case of discrimination under the *McDonnell Douglas* framework in order to state a claim for relief.[3] Rather a plaintiff's pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[4] thereby giving "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[5] In *Swierkiewicz*, the Supreme Court found that the complaint in that case "easily satisfie(d) the requirements of Rule 8(a)" because it "detailed the events leading to (the plaintiff's) termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination."[6]

Applying the *Swierkiewicz* pleading standard to the case at bar, the Court declines to follow the Magistrate Judge's recommendation to dismiss Plaintiff's Title VII claim for failure to allege all of the elements of a prima facie case of discrimination. However, the Court holds that Plaintiff has failed to state a claim for race discrimination because the pleadings fail to allege "enough facts to

---

[3] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (holding that the *McDonnell Douglas* framework "is an evidentiary standard, not a pleading requirement"); *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) (concluding that the Supreme Court's intervening decision in *Twombly* did not alter the rule announced in *Swierkiewicz*).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[6] *Id*. The petitioner in *Swierkiewicz* who was Hungarian alleged that his company which was a French entity discriminated against him on the basis of his national origin.

state a claim to relief that is plausible on its face."[7]  Plaintiff's Pro Se Complaint has not alleged any facts to put Defendant on notice of how her termination violated the federal anti-discrimination laws. Plaintiff has simply alleged that Defendant terminated her on October 22, 2011, apparently because of a work-related motor vehicle accident.  Plaintiff further alleges without any explanation that she was actually dismissed on account of her race.  Plaintiff has included no other facts to support her belief or to show that race was the actual cause of her termination.  Therefore, the Court agrees with the Magistrate Judge that the Complaint fails to state a claim for relief and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision *in forma pauperis*.  Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  The good faith standard is an objective one.[8]  An appeal is not taken in good faith if the issue presented is frivolous.[9] It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant but has sufficient merit to support an appeal *in forma pauperis*.[10]  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.  It is therefore **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in

---

[7] *Serrano*, 699 F.3d at 897 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

[8] *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

[9] *Id.*

[10] *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

The Sixth Circuit Court of Appeals decisions in *McGore v. Wrigglesworth*, 114 F.3d 601, 612–13 (6th Cir. 1997) and *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) apply to any appeal filed by Plaintiff in this case.  If Plaintiff files a notice of appeal, she must pay the entire $455 filing fee required by 28 U.S.C. §§ 1913 and 1917.[11]   The entire filing fee must be paid within thirty (30) days of the filing of the notice of appeal.  By filing a notice of appeal Plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If Plaintiff fails to comply with the above assessment of the appellate filing fee within thirty (30) days[12] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the Court will notify the Sixth Circuit, which will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.[13]

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 15, 2013.

---

[11] The fee for docketing an appeal is $450. *See* Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[12] The district court may extend this deadline one time by thirty (30) days if the motion to extend is filed before the expiration of the original deadline. *McGore*, 114 F.3d at 610.

[13] *McGore*, 114 F.3d at 610.